**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHONSAVANH PHONGMANIVAN, *Petitioner-Appellant*,<br><br>v.<br><br>RON HAYNES, SCCC Superintendent,[*] *Respondent-Appellee.* | No. 16-36018<br><br>D.C. No. 2:16-cv-00556-RAJ<br><br>ORDER CERTIFYING QUESTION TO THE WASHINGTON SUPREME COURT |

Filed March 19, 2019

Before: Sandra S. Ikuta and Morgan Christen, Circuit Judges, and Jennifer Choe-Groves,[**] Judge.

Order

---

[*]   Ron Haynes has replaced Margaret Gilbert as Superintendent of Stafford Creek Corrections Center.

[**]   The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[***]

### Habeas Corpus

The panel certified to the Washington Supreme Court the following question:

> Is the denial of a personal restraint petition final when the Washington Supreme Court denies a motion to modify an order of its Commissioner denying discretionary review of the state appellate court's denial, or is the denial not final until the Clerk of the Washington Court of Appeals issues a certificate of finality as required by Rule 16.15(e)(1)(c) of the Rules of Appellate Procedure?

## COUNSEL

Ann K. Wagner, Assistant Federal Public Defender, Federal Public Defender Office, Seattle, Washington, for Petitioner-Appellant.

Alex Kostin, Assistant Attorney General, Corrections Division; Robert W. Ferguson, Attorney General; Office of the Washington Attorney General, Olympia Washington; for Respondent-Appellee.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We respectfully ask the Washington Supreme Court to answer the certified question presented below, pursuant to Revised Code of Washington ("RCW") § 2.60.020, because we have concluded that a dispositive question of state law applies to the claim, and therefore "it is necessary to ascertain the local law of [Washington] state in order to dispose of [this] proceeding and the local law has not been clearly determined."

This case involves a statutory tolling claim under 28 U.S.C. § 2244(d)(2). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d); *see also Williams v. Filson*, 908 F.3d 546, 557 (9th Cir. 2018). The limitations period shall run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The definition of "pending" for the purposes of statutory tolling is a question of state law. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2012); *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007).

The issue here is when Appellant's personal restraint petition ("PRP") proceeding was no longer "pending" under Washington state law for the purposes of calculating the statute of limitations applicable to Appellant's federal habeas petition.

# I

We summarize the material facts.  Phongmanivan was found guilty of two counts of Washington Assault in the First Degree, RCW § 9A.36.011, with two firearm enhancements, after a jury trial in 2011.  Phongmanivan was sentenced to 306 months.

Phongmanivan appealed his conviction.  The Washington Court of Appeals affirmed the conviction and denied the motion for reconsideration.  Phongmanivan petitioned the Washington Supreme Court for review, which the court denied on December 11, 2013.  Phongmanivan did not file a petition for writ of certiorari with the Supreme Court of the United States within the ninety-day window.

Phongmanivan filed a PRP in the Washington Court of Appeals on February 4, 2015.  The Washington Court of Appeals issued an order dismissing the PRP on its merits on May 4, 2015.  Phongmanivan then filed a petition for review in the Washington Supreme Court, which the Commissioner of the Washington Supreme Court treated as a motion for discretionary review under Rule 16.14(c) of the Washington Rules of Appellate Procedure ("RAP") and denied. Phongmanivan requested that the Washington Supreme Court vacate or modify the Commissioner's ruling.    The Washington Supreme Court denied Phongmanivan's motion to modify in the PRP proceedings on February 10, 2016.  The Washington Court of Appeals filed a certificate of finality on April 1, 2016.

Phongmanivan filed his federal habeas petition with the United States District Court for the Western District of Washington on April 9, 2016.  The district court, adopting the

magistrate judge's report and recommendation, held that Phongmanivan untimely filed his petition and dismissed his case. The court found that the one-year statute of limitations for Phongmanivan's habeas petition began to run on March 12, 2014, after Phongmanivan's ninety-day window to file a petition for writ of certiorari with the Supreme Court of the United States. The statute of limitations was tolled 329 days later, on February 4, 2015, when Phongmanivan filed his personal restraint petition. Relevant here, the court determined that the statute of limitations resumed when the Washington Supreme Court denied the motion to modify the Commissioner's ruling on February 10, 2016. By the time Phongmanivan signed his federal habeas petition on April 9, 2016, the statute of limitations had run for a total of 388 days and therefore was untimely. The lower court denied Phongmanivan's claim for equitable tolling and dismissed his habeas petition with prejudice.

## II

Phongmanivan argues on appeal that his federal habeas petition was timely because his PRP was pending under Washington law within the meaning of 28 U.S.C. § 2244(d)(2) (and so the one-year limitations period did not resume running) until the Clerk of the Washington Court of Appeals issued the certificate of finality on April 1, 2016. There is some support for this argument in state law. RAP 12.7, entitled "Finality of Decision," provides that the Washington Court of Appeals retains "the power to change or modify its decision" until one of three events occurs. RAP 12.7(a). One of these events includes the issuance of a certificate of finality with respect to a PRP, pursuant to RAP 16.15(e). Phongmanivan supports his argument further by citing *State v. Kilgore*, 216 P.3d 393 (Wash. 2009) (en banc),

in which the Washington Supreme Court looked to RAP 12.7 to help determine the finality of a conviction for purposes of retroactive application of a new rule of law. In reaching its conclusion, *Kilgore* distinguished a case involving finality of a conviction in the PRP context in part because that case "did not address finality for purposes of retroactivity." *See id.* at 397 n.5.

Respondent-Appellee contends, and the district court concluded, that Phongmanivan's PRP proceeding was no longer pending for the purposes of 28 U.S.C. § 2244(d)(2) when the Washington Supreme Court denied the motion to modify the Commissioner's ruling because the issuance of a certificate of finality is a ministerial act. There is also support for this conclusion in state law. RAP 16.15(e) defines a certificate of finality as "the written notification of the clerk of the appellate court to the trial court and the parties that the proceedings in the appellate court have come to an end." The Washington Supreme Court has described the certificate of finality as a document that "has traditionally been issued by the clerk's office when review of an interlocutory decision is at an end," which "functions essentially as a 'mandate' for such decisions." *In re Personal Restraint Petition of Lord*, 870 P.2d 964, 966 n.1 (Wash. 1994) (per curiam). Moreover, RAP 16.15(e)(1)(c) requires the clerk of the Court of Appeals to file a certificate of finality involving a PRP petition immediately "upon denial of the motion for discretionary review" by the Washington Supreme Court, rather than ordering the certificate of finality to be issued thirty days after the Court of Appeals decision is filed (unless a motion for reconsideration or discretionary review is filed earlier) or thirty days after the Court of Appeals denies a motion for reconsideration (unless a motion for discretionary review is filed earlier), as in RAP

16.15(e)(1)(a) and (b). This suggests that after the Washington Supreme Court denies the motion for discretionary review, the court has nothing left to do but "performance of a ministerial function." *Hemmerle*, 495 F.3d at 1077.

### III

In light of the foregoing discussion, and because the answer to this question is "necessary to ascertain the local law of this state in order to dispose" of this appeal, RCW § 2.60.020, we respectfully certify to the Washington Supreme Court the following question:

> Is the denial of a personal restraint petition final when the Washington Supreme Court denies a motion to modify an order of its Commissioner denying discretionary review of the state appellate court's denial, or is the denial not final until the Clerk of the Washington Court of Appeals issues a certificate of finality as required by Rule 16.15(e)(1)(c) of the Rules of Appellate Procedure?

We do not intend our framing of this question to restrict the Washington State Supreme Court's consideration of any issues that it determines are relevant. If the Washington State Supreme Court decides to consider the certified question, it may in its discretion reformulate the question. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

If the Washington Supreme Court accepts review of the certified question, we designate Appellant Phongmanivan as the party to file the first brief pursuant to RAP 16.16(e)(1).

The clerk of our court is hereby ordered to transmit forthwith to the Washington Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all relevant briefs and excerpts of record pursuant to RCW §§ 2.60.010, 2.60.030, and RAP 16.16.

Further proceedings in our court are stayed pending the Washington Supreme Court's decision on whether it will accept review, and if so, receipt of the answer to the certified question. This case is withdrawn from submission until further order from this court. The Clerk is directed to administratively close this docket, pending further order.

The panel will resume control and jurisdiction on the certified question upon receiving an answer to the certified question or upon the Washington Supreme Court's decision to decline to answer the certified question. When the Washington Supreme Court decides whether or not to accept the certified question, the Parties shall file a joint report informing this court of the decision. If the Washington Supreme Court accepts the certified question, the Parties shall file a joint status report every six months after the date of the acceptance, or more frequently if circumstances warrant.

It is so **ORDERED**.