IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78209-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JESSE MARION WHITE, | ) | |
| | ) | FILED: January 21, 2020 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — In 2012, on direct review, this court rejected Jesse White's double jeopardy challenge to his convictions for two counts of second degree assault and affirmed White's two corresponding firearm enhancements and three other convictions. The mandate included an award of costs on appeal.

In 2017, this court granted White relief on a personal restraint petition (PRP), reversing in part and remanding for the trial court "to vacate White's conviction for one count of second degree assault and the accompanying firearm enhancement" because his conviction for two counts of second degree assault violated double jeopardy.[1]

Now, in this appeal of the 2018 proceedings on remand, he contends this court should vacate the appellate costs imposed in the 2012 direct appeal

---

[1] In re White, 1 Wn. App. 2d 788, 798, 407 P.3d 1178 (2017) (White II).

because the State is no longer the substantially prevailing party on the issues raised in that direct appeal. Because the State is no longer the substantially prevailing party for purposes of RAP 14.2 and requiring an additional collateral proceeding in the trial court would be an inefficient use of judicial resources, we exercise our discretion to vacate the award of costs imposed in the 2012 direct appeal.

White challenges community custody requirements that he undergo a substance abuse evaluation and a mental health evaluation. He also contends we should strike a DNA[2] collection fee. Because all of these requirements of White's 2011 judgment and sentence were beyond the scope of this court's mandate when it remanded in 2017 and were not the subject of the trial court's exercise of its independent judgment on remand in 2018, they are not appealable issues.

Therefore, we affirm in part and grant White's motion to remit appellate costs imposed following his 2012 direct appeal.

## FACTS

In 2011, White was convicted of one count of unlawful possession of a firearm, one count of reckless endangerment, and two counts of second degree assault involving a firearm. The reckless endangerment and assault charges both involved domestic violence. In addition to incarceration, White was required to undergo a chemical dependency evaluation and a mental health evaluation as conditions of community custody. The court also imposed a $100 DNA collection

---

[2] Deoxyribonucleic acid.

2

fee. This court affirmed his conviction and sentence on direct review.[3] The State obtained an award of costs on appeal of $12,249.38.

In 2015, White filed a CR 7.8 motion, contending his sentence violated double jeopardy because the two counts of assault punished him twice for the same course of conduct. He did not contest other aspects of his sentence. The trial court transferred the motion to this court for consideration as a personal restraint petition. Ultimately, this court granted White's petition and remanded for the trial court "to vacate White's conviction for one count of second degree assault and the accompanying firearm enhancement."[4]

In 2018, the superior court conducted the remand hearing. The court maintained the community custody conditions and the legal financial obligations imposed in White's original 2011 sentence. White appeals.

## ANALYSIS

In his opening brief, White moves to vacate the appellate costs imposed following his direct appeal.[5] White appears to bring his motion under RAP 12.7(c).

Ordinarily, an appellate judgment is final and nonreviewable when the court issues the mandate terminating review.[6] RAP 12.7(c) creates an exception to the

---

[3] State v. White, noted at 170 Wn. App. 1011, 2012 WL 3568580, at *10 (White I).

[4] White II, 1 Wn. App. 2d at 798.

[5] White also argues the resentencing court "had discretion to strike [White's appellate costs] in light of the equities of this case," but he does not provide authority for his argument. Appellant's Br. at 14. Thus, we decline to consider it.

[6] RAP 12.7(a), (b). There are exceptions, but they are not argued here.

usual rules on finality by preserving an appellate court's authority "to act on questions of costs as provided in Title 14 and on questions of attorney fees and expenses as provided in [RAP] 18.1" after issuing its mandate terminating review. According to White, RAP 12.7(c) lets this court "retain[ ] the power to change its appellate cost decision and no time-bar divests it of this authority."[7] The State fails to present any argument or authority to the contrary. So, we assume, without deciding, that White's interpretation is correct.

The core of White's argument is that his successful PRP removed the legal basis for this court's imposition of appellate costs incurred in his direct appeal. RCW 10.73.160 authorizes imposition of appellate costs, including attorney fees, on a defendant in accordance with Title 14 of the Rules of Appellate Procedure.[8] RAP 14.2 allows an award of costs to an opponent who "substantially prevails on review." Whether a party substantially prevailed on review goes beyond "the bottom line of reversal or affirmance"[9] and considers "'the extent of relief afforded the parties.'"[10] Appellate costs become part of a defendant's judgment and sentence.[11]

---

[7] Appellant's Br. at 15.

[8] RCW 10.73.160(1)-(3).

[9] State v. Nolan, 141 Wn.2d 620, 626, 8 P.3d 300 (2000).

[10] Guillen v. Contreras, 169 Wn.2d 769, 775, 238 P.3d 1168 (2010) (quoting Riss v. Angel, 131 Wn.2d 612, 633-34, 934 P.2d 669 (1997)).

[11] RCW 10.73.160(3).

After this court rejected White's double jeopardy argument and affirmed his convictions in his direct appeal,[12] we awarded the State its appellate costs. The primary issue in both White's direct appeal and his PRP was whether his two convictions for second degree assault violated double jeopardy.[13] Interpreting RAP 14.2 "liberally . . . to promote justice,"[14] the State would not have substantially prevailed on the direct appeal without prevailing on the double jeopardy issue. Because RAP 14.2 does not authorize an award of costs where a party does not prevail on the primary issues and prevails on only minor issues, there is no longer a basis to impose appellate costs against White for his direct appeal.[15]

The State contends White must comply with the appellate cost remission procedures required by RCW 10.73.160(4).[16] But the State fails to explain how this procedure precludes White from bringing a general motion directly in this court pursuant to RAP 12.7(c) and RAP 17.1. And although RAP 17.4(d) allows a motion to be made in a brief only when the motion "if granted, would preclude hearing the case on the merits," we have the discretion to address the requested

---

[12] White I, 2012 WL 3568580, at *1.

[13] Compare White II, 170 Wn. App. 788, with White I, 2012 WL 3568580.

[14] RAP 1.2(a).

[15] See Nolan, 141 Wn.2d at 626 ("The prevailing party need not prevail on his or her entire claim, but he or she must substantially prevail."). The State does not argue it substantially prevailed without the double jeopardy issue.

[16] The State actually argues RCW 10.01.160(4) sets the procedures White should have followed, but RCW 10.73.160(4), which is nearly identical, governs motions to remit appellate costs.

relief "by an opinion" as part of this appeal.[17] The interests of judicial economy favor reaching the merits of White's challenge to appellate costs now rather than in yet another collateral proceeding.[18] Thus, we decline the State's procedural objections and grant White's motion to vacate.[19]

White challenges the trial court's maintenance of his community custody conditions. Unlike his appellate costs, which were imposed by this court and remain subject to this court's authority under RAP 12.7(c), the legal financial obligations and community custody conditions imposed by the trial court as part of White's 2011 judgment and sentence are not before this court either on a timely direct appeal or pending PRP. The State contends White cannot now challenge aspects of his 2011 sentence that were not modified on remand in 2018.

"[F]inality and reviewability are intrinsically bound. . . . 'Once an appellate decision is final, review as a matter of right is exhausted,'" and the appellate court loses the power to change its decision.[20] There are exceptions to this rule, such as when a trial court exercises its independent judgment on remand and rules on an unappealed issue.[21] Thus, the only directly appealable issues remaining after a

---

[17] RAP 17.6(b).

[18] See RAP 1.2(a), (c).

[19] RAP 1.2(c); see State v. Stump, 185 Wn.2d 454, 464-65, 374 P.3d 89 (2016) (even the plain language of RAP 14.2 governing the imposition of appellate costs may be waived "in order to serve the ends of justice").

[20] State v. Kilgore, 167 Wn.2d 28, 36-38, 216 P.3d 393 (2009) (quoting State v. Hanson, 151 Wn.2d 783, 790, 91 P.3d 888 (2004)) (citing RAP 12.7(a), (b)).

[21] State v. Parmelee, 172 Wn. App. 899, 905, 292 P.3d 799 (2013).

mandate issues from the appellate court are those on which the trial court exercises its independent judgment on remand.[22]

As noted above, this court narrowly "remand[ed] to the trial court to vacate White's conviction for one count of second degree assault and the accompanying firearm enhancement."[23] The superior court did not entertain a broader consideration of all issues presented on the initial sentencing. The court decided to "maintain" much of White's original sentence from 2011 and "readdress the sentence to conform it to the Court of Appeals mandate."[24] White was required to undergo both chemical dependency and mental health evaluations "as previously ordered . . . since those issues were not appealed."[25] Because the community custody conditions were beyond the mandate on remand and the resentencing court did not exercise its discretion regarding community custody conditions, there is no appealable issue for us to consider.

Similarly, the DNA collection fee is not properly before this court on direct appeal. The 2011 judgment and sentence required payment of the DNA collection fee.[26] White did not challenge that fee in his PRP, and it was not within the scope

---

[22] See Kilgore, 167 Wn.2d at 37 ("Therefore, a case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count, and where the trial court exercises no discretion on remand as to the remaining final count.").

[23] White II, 1 Wn. App. 2d at 798.

[24] Report of Proceedings (RP) (Mar. 14, 2018) at 6, 11.

[25] Id. at 13.

[26] RP (Jan. 6, 2011) at 38.

of this court's mandate when we granted White's PRP.[27] The resentencing court did not exercise its discretion by merely maintaining the fee on remand. Although the trial court noted White's DNA was collected in 2011 at the time of his original sentencing, maintaining the fee merely reflected an aspect of White's sentence that was not truly before it on remand. The court did not err by maintaining the DNA collection fee.

For these reasons, we strike the appellate costs imposed on White's direct appeal, affirm the community custody conditions and DNA collection fee imposed in the original 2011 judgment and sentence, and remand to the trial court for ministerial corrections to White's 2018 judgment and sentence consistent with this opinion.

_____

WE CONCUR:

_____            _____
Chun, J.                           Andrus, J.

---

[27] White II, 1 Wn. App. 2d at 798.