

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE FEB 2 7 2020

*Stephen, C.J.*
CHIEF JUSTICE

This opinion was
filed for record
at 8am on Feb 27, 2020

Susan L. Carlson
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

CERTIFICATION FROM THE UNITED
STATES COURT OF APPEALS, NINTH
CIRCUIT IN

| PHONSAVANH PHONGMANIVAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | No. 96980-9 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| RON HAYNES, SCCC Superintendent[†], | ) | |
| | ) | Filed    FEB 2 7 2020 |
| Respondent-Appellee. | ) | |
| | ) | |

OWENS, J. — The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, establishes a one-year statute of limitations for state prisoners to file a petition for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period begins to run immediately upon the conclusion of a petitioner's direct appeal proceedings. 28 U.S.C. § 2244(d)(1)(A). However, AEDPA's statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with

---

[†] Ron Haynes has replaced Margaret Gilbert as superintendent of Stafford Creek Corrections Center.

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The present case concerns whether Phonsavanh Phongmanivan timely filed his federal habeas petition in compliance with AEDPA's one-year statute of limitations when he did so 8 days after the Washington Court of Appeals issued his certificate of finality, but 51 days after we denied his motion to modify our commissioner's ruling denying discretionary review of his personal restraint petition (PRP). Because the answer to this question requires interpreting an open issue of Washington state law, the Ninth Circuit Court of Appeals certified the following question for our review:

> Is the denial of a personal restraint petition final when the Washington Supreme Court denies a motion to modify an order of its Commissioner denying discretionary review of the state appellate court's denial, or is the denial not final until the Clerk of the Washington Court of Appeals issues a certificate of finality as required by Rule 16.15(e)(1)(c) of the Rules of Appellate Procedure?

*Phonsavanh Phongmanivan v. Haynes,* 918 F.3d 1021, 1024 (9th Cir. 2019).

Having reviewed the certified question without adopting Phongmanivan's suggested reformulation, we now answer that Phongmanivan's PRP proceeding did not become final until the date his certificate of finality was issued on April 1, 2016.

## FACTS

In 2011, Phongmanivan was convicted of two counts of first degree assault with two firearm enhancements, and he was sentenced to 306 months' imprisonment. Phongmanivan appealed, and the Washington Court of Appeals, Division One, affirmed his conviction and denied his motion for reconsideration. Phongmanivan's

judgment and sentence became final on March 11, 2014, when his window to file a petition for writ of certiorari to the Washington Supreme Court expired (90 days after his motion for discretionary review was denied). 28 U.S.C. § 2244(d)(2). This marked the beginning of Phongmanivan's one-year statute of limitations to file his federal habeas petition under AEDPA. *Id.*

On February 4, 2015, 329 days later, Phongmanivan filed a PRP in the Washington Court of Appeals, thereby tolling AEDPA's statute of limitations for the pendency of that proceeding. The acting chief judge dismissed Phongmanivan's PRP as frivolous under RAP 16.11(b), and Phongmanivan filed a motion for discretionary review in this court. On December 3, 2015, our commissioner denied the motion. Phongmanivan then filed a timely motion to modify the commissioner's decision, which we denied on February 10, 2016.

On April 1, 2016, 51 days later, the clerk of the Court of Appeals issued Phongmanivan's certificate of finality. Acting pro se, Phongmanivan then filed his federal habeas petition 8 days later on April 9, 2016. However, following the federal magistrate's recommendation, the federal district court denied Phongmanivan's petition as untimely, holding AEDPA's one-year tolling period had ceased on February 10, 2016, when we denied his motion to modify. By such reasoning, 388 total untolled days had elapsed prior to Phongmanivan's filing, rendering his habeas petition untimely by 23 days.

Phongmanivan appealed to the Ninth Circuit Court of Appeals arguing the statute of limitations remained tolled until the clerk of the Washington Court of Appeals, Division One, issued his certificate of finality, which would render his petition timely by 28 days. The Ninth Circuit accepted review, determined that resolving this issue involved an open question of Washington state law, and certified the question for our resolution. *Phongmanivan,* 918 F.3d at 1024. This court accepted review. RAP 16.16; RCW 2.60.020.

## ISSUE

When does a PRP proceeding become final under Washington state law?

## ANALYSIS

We review certified questions of law de novo. *Allen v. Dameron,* 187 Wn.2d 692, 701, 389 P.3d 487 (2017) (quoting *Carlsen v. Glob. Client Sols., LLC,* 171 Wn.2d 486, 493, 256 P.3d 321 (2011)). "We consider the legal issues not in the abstract but based on the certified record provided by the federal court." *Carlsen,* 171 Wn.2d at 493; RCW 2.60.030(2). Here, answering the certified question requires us to interpret Washington's Rules of Appellate Procedure (RAPs) governing both certificates of finality and finality in general.

When we interpret court rules, our review is also de novo. *State v. Stump,* 185 Wn.2d 454, 458, 374 P.3d 89 (2016). As with methods of statutory interpretation, we strive to determine and carry out the rule drafters' intent. *Id.* at 460 (citing *Dep't of*

4

*Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). "We determine that intent by examining the rule's plain language not in isolation but in context, considering related provisions, and in light of the statutory or rule-making scheme as a whole." *Id.* (citing *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015)). Finally, we avoid interpreting court rules in a manner that would render substantive portions meaningless. *See John A. Doe v. Wash. State Patrol*, 185 Wn.2d 363, 381-82, 374 P.3d 63 (2016).

The State argues that Phongmanivan's PRP became final upon our denial of his motion to modify. In so arguing, the State relies heavily on RAP 16.15(e), which details various timelines for issuing certificates of finality based on the underlying proceeding's immediate posture. Specifically, the State contends, "These timeframes [in RAP 16.15(e)] recognize when a matter becomes final." Br. of Resp't on Certified Question at 13. But RAP 16.15(e) is not the only RAP that discusses certificates of finality, and it must be read in context with RAPs 12.5 and 12.7.

RAP 12.5 governs mandates generally. RAP 12.5(a) defines a "mandate" as "the written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review." Notably, nested under RAP 12.5's general discussion of mandates is subsection (e), which defines a "certificate of finality" as "the written notification by the clerk of the appellate court

5

to the trial court and to the parties of the completion of the proceeding in the appellate court when review is not accepted."[1]

While a mandate issues after a decision terminating review, a certificate of finality issues after an appellate court decision not to accept review, as is typical in PRP proceedings. *See In re Pers. Restraint of Lord*, 123 Wn.2d 737, 739, 870 P.2d 964 (1994). Thus, as evidenced by both current practice and court rule, mandates and certificates of finality are intended to perform a similar function in signaling finality. *See id.* at 739 n.1 (stating that "a 'certificate of finality' has traditionally been issued by the clerk's office when review of an interlocutory decision is at an end. *This certificate functions essentially as a 'mandate' for such decisions*" (emphasis added)); *see also* 3 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 12.5 drafters' cmt. to 1998 amendment (8th ed. 2014).

Washington law governing collateral proceedings already provides that for purposes of our own state filing deadlines, a petitioner's judgment and sentence do not become final until the date their mandate is issued. RCW 10.73.090(3)(b); *see also State v. Kilgore*, 167 Wn.2d 28, 34, 216 P.3d 393 (2009) (holding our September 12, 2002, decision became final the date the mandate issued on October 7, 2002); *In re*

---

[1] Compare with RAP 16.15(e), which states, "A certificate of finality is the written notification of the clerk of the appellate court to the trial court and the parties that the proceedings in the appellate court have come to an end." In addition to our rule that we read the RAPs as a whole, these near-identical definitions bolster our conclusion that RAP 16.15(e)'s discussion of certificates of finality cannot be read in isolation.

*Pers. Restraint of Skylstad,* 160 Wn.2d 944, 948-49, 162 P.3d 413 (2007) (stating, "if a defendant appeals, then the judgment is final when the appellate court issues its mandate 'disposing of direct appeal.' This terminates review. . ." (citation omitted) (quoting RCW 10.73.090(3)(b))). At bottom, certificates of finality are intended to function similarly to mandates, and mandates, not their preceding orders, are routinely used to signal finality. From here, we now turn to RAP 12.7(a), which further informs the relationship between certificates of finality and the finality of PRPs and other collateral proceedings.

Titled "Finality of Decision," RAP 12.7 provides in relevant part that "[t]he Court of Appeals loses the power to change or modify its decision (1) upon issuance of a mandate in accordance with rule 12.5 . . . or (3) *upon issuance of a certificate of finality* as provided in rule 12.5(e) and rule 16.15(e)." RAP 12.7(a) (emphasis added). By its plain terms, RAP 12.7(a) ties the "Finality of [a] Decision" to the issuance of a certificate of finality under RAP 12.5(e) and RAP 16.15(e). Thus, reading the rules as a whole, it is evident that while RAP 16.15(e) establishes the time frames for *when* a certificate of finality should issue, RAP 12.7 provides the *meaning* of the issuance of a certificate of finality. Again, a PRP proceeding becomes final *"upon issuance* of a certificate of finality." RAP 12.7(a) (emphasis added).

In its remaining arguments, the State asserts that any analysis of the question of a PRP's finality should be examined in relation to the petitioner's then-prospective

federal habeas proceeding under AEDPA. Br. of Resp't on Certified Question at 12. But it does not follow that we would answer a certified question arising under Washington law by first filtering our analysis through the lens of federal law when our own rules provide an independent, state law basis for resolution. Accordingly, we reject the State's tacit invitation to do so here. Furthermore, if we accept the State's contention that certificates of finality truly provide the parties and courts below nothing more than generalized notice of a then-already-final action, then RAP 12.7(a)(3)'s reliance on the issuance of the certificate of finality to indicate when the Court of Appeals loses its power to modify would become essentially meaningless. Parties would thus be required to ignore RAP 12.7(a)(3) and to trace each proceeding's procedural posture to determine at what step the decision became final and thus no longer subject to change or modification. Accordingly, in rejecting this interpretation, we heed our long-standing admonition against interpreting court rules in a manner that would render portions meaningless. *Doe,* 185 Wn.2d at 381-82.

Finally, the State argues that certificates of finality are often issued arbitrarily across the three divisions of the Court of Appeals. Unquestionably, the timely issuance of certificates of finality is a matter of important concern. But those instances of substantial delay noted in the record, while disquieting, have no direct bearing on our analysis or understanding of the RAPs or certificates of finality. Whatever practices the Courts of Appeals engaged in in the past, today's holding

8

should serve to provide greater clarity as to both the legal meaning of the issuance of certificates of finality and the importance of timely compliance with the RAPs.

## CONCLUSION

In Washington, a certificate of finality is more than a redundant instrument of general notice. The date of issuance of the certificate of finality by the clerk of the appropriate appellate court establishes the date of finality for a PRP or other state collateral proceeding. Accordingly, we hold that April 1, 2016, the date of issuance of Phongmanivan's certificate of finality, marks the date his PRP became final.

_Owens, J._

WE CONCUR:

_Stephens, C.J._

_Johnson, J._

_González, J._

_Gordon McCloud, J._

_Wiggins, J._

_Fairhurst, JPT_

*Phonsavanh Phongmanivan v. Haynes*

No. 96980-9

MADSEN, J. (concurring)—I agree with the majority that a personal restraint petition becomes final upon the issuance of a certificate of finality pursuant to RAP 12.7(a). Majority at 8. I write separately to acknowledge the State's commonsense argument concerning the finality of personal restraint petitions. As the State explains, when this court denies a motion to modify the denial of discretionary review, our Rules of Appellate Procedure (RAPs) allow for no further action. RAP 12.4(a) precludes moving for reconsideration from orders denying a motion to modify a ruling by this court's commissioner or clerk. RAP 16.15(e)(2) sets out a timeline for our clerk to issue a certificate of finality upon the expiration for filing reconsideration or upon the entry of an order denying a timely filed motion for reconsideration. According to the State, these timelines, as well as the lack of further review under RAP 12.4(a), show that a matter becomes final once either outcome occurs—finality is not extended because the issuance of a certificate of finality is delayed.

On the other hand, RAP 16.15's timelines cannot be read in isolation. *State v. Stump*, 185 Wn.2d 454, 460, 374 P.3d 89 (2016) ("We determine [rule drafters'] intent by examining the rule's plain language not in isolation but in context, considering related provisions, and in light of the statutory or rule-making scheme as a whole."). The

majority explains that a mandate and certificate of finality both exist in our RAPs to alert parties of the completion of proceedings. Majority at 5-6 (citing RAP 12.5; *In re Pers. Restraint of Lord*, 123 Wn.2d 737, 739 n.1, 870 P.2d 964 (1994) (a certificate of finality functions as a "mandate" when review of an interlocutory decision is denied)). In addition, RAP 12.7(a) provides that the Court of Appeals cannot modify or change its decision upon, among other things, issuance of a certificate of finality. RAP 12.7(a)(3). The majority concludes, and I agree, that when read as a whole, our rules demonstrate that a personal restraint petition becomes final when a certificate of finality is issued.

Nevertheless, as the majority's analysis demonstrates, our rules are less than clear and, as in this case, lead to unwarranted delays. Although I find the State's interpretation of our rules persuasive, I am also mindful that the RAPs are court rules, which can and should be changed when found wanting. To the extent that our appellate rules support the State's view and promote a more uniform and predictable measure of finality, the rules should be clarified not by judicial fiat but "through the normal rule-making process." *In re Pers. Restraint of Carlstad*, 150 Wn.2d 583, 592 n.4, 80 P.3d 587 (2003).

With these thoughts in mind, I respectfully concur.

Madsen, J.